1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                    **EASTERN DISTRICT OF CALIFORNIA**

8

9

10   **CARMEN MERAZ-GUZMAN,**          )        **CV-F-05-1131 AWI**
                                        )        **CR-F-04-5216 AWI**
11            **Petitioner**,           )
                                        )
12   **v.**                             )        **ORDER RE MOTION TO VACATE,**
                                        )        **SET ASIDE, OR CORRECT THE**
13   **UNITED STATES OF AMERICA,**      )        **SENTENCE PURSUANT TO 28**
                                        )        **U.S.C. §2255**
14            **Respondent**.           )
     _____)

15

16

17                          **I. History**

18          On August 5, 2004, Petitioner Carmen Meraz-Guzman was indicted for violating 8

19   U.S.C. §1326, being a deported alien found within the United States without having obtained the

20   consent of the U.S. Attorney General or the Secretary from the Department of Homeland

21   Security. Doc. 5.[1]  Petitioner was represented by Melody Walcott, a lawyer with the federal

22   defender's office.  On October 19, 2004, the parties lodged a plea agreement with the court. Doc.

23   11.  A draft presentence investigation report ("PIR")[2] was prepared by the U.S. Probation Office

24   and made available September 8, 2004.  At a hearing on October 25, 2004, Petitioner plead guilty

25   _____

26          [1]All citations to docket entries refer to filings in the criminal case (04-5216).

27          [2]The presentence investigation report is not part of the formal docket in the criminal case.

28   Nevertheless, the court will make reference and cite to it as part of the record.

                                        1

1    and was sentenced to 37 months imprisonment with 36 months supervised release. Doc. 12.

2    Judgment was issued October 28, 2004. Doc. 13.  No direct appeal was filed.  Petitioner filed her

3    Section 2255 habeas petition on September 6, 2005.[3] Doc. 14.

4

5                                    **II. Legal Standards**

6         Title 28 U.S.C. §2255 provides, in pertinent part: "A prisoner in custody under sentence

7    of a court established by Act of Congress claiming the right to be released upon the ground that

8    the sentence was imposed in violation of the Constitution or laws of the United States ... may

9    move the court which imposed the sentence to vacate, set aside or correct the sentence."  Habeas

10   relief is available to correct errors of jurisdiction and constitutional error but a general "error of

11   law does not provide a basis for collateral attack unless the claimed error constituted a

12   fundamental defect which inherently results in a complete miscarriage of justice." United States

13   v. Addonizio, 442 U.S. 178, 185 (1979).

14        Courts must "construe pro se habeas filing liberally." Laws v. Lamarque, 351 F.3d 919,

15   924 (9th Cir. 2003).  Under Section 2255, "a district court must grant a hearing to determine the

16   validity of a petition brought under that section, '[u]nless the motions and the files and records of

17   the case conclusively show that the prisoner is entitled to no relief.'" United States v. Blaylock,

18   20 F.3d 1458, 1465 (9th Cir.1994), quoting 28 U.S.C. §2255.  The court may deny a hearing if

19   the petitioner's allegations, viewed against the record, fail to state a claim for relief or "are so

20   palpably incredible or patently frivolous as to warrant summary dismissal."  United States v.

21   McMullen, 98 F.3d 1155, 1159 (9th Cir.1996), citations omitted.  Mere conclusory statements in

22   a Section 2255 motion are insufficient to require a hearing. United States v. Hearst, 638 F.2d

23   1190, 1194 (9th Cir.1980).

24   ///

25   ///

26

27   _____

28        [3]The filed petition demonstrates limited proficiency with written English.  The court will
     quote Petitioner's words verbatim while trying to give them their intended effect.

                                        **2**

**III. Discussion**

On her Section 2255 petition form, Petitioner listed the following grounds for relief: (1) "Counsel was so ineffective he never explain to me the consequences of the plea agreement"; (2) "violation of the plea agreement"; and (3) "deprived right to appeal." Doc. 14, Petition, at 39-42. The substance of the briefing is focused on the constitutionality of the sentencing guidelines in light of the U.S. Supreme Court's opinion in United States v. Booker, 543 U.S. 220 (2005). Petitioner argues: "If Mr. Cascarano had been objectively reasonable and acting professionally in accordance with the Strickland standard, he would have minimally filed a merit brief raising as error for appellate review (a) the error of the sentencing court of using a preponderance standard in applying enhancements in the calculation of the sentence; and (b) the error of the sentencing court in applying the unconstitutional Sentencing Reform Act of 1984 and the sentencing guidelines to the current case." Doc. 14, Petition, at 5.  The court understands Petitioner's claims to consist of the following: (1) ineffective assistance of counsel in failing to explain the waivers contained in the plea agreement, (2) violation of the plea agreement through errors in sentencing, and (3) violation of constitutional rights per Booker.

**A. Ineffective Assistance of Counsel**

As quoted above, Petitioner's brief refers to a Mr. Cascarano, but there is no record of a Mr. Cascarano in this case.  Petitioner's attorney was Melody Walcott.  Petitioner states:

> Although Petitioner was represented by Counsel at the negotiation and execution of the binding Proffer and Plea Contracts, at no time did petitioner fundametnal understanding of the tenets of a binding Contract....Petitioner was not aware of the consequences of her plea agreement, she was induce by her counsel to sign the plea if not petitioner was getting more jail time, as per counsel's treates, to induce petitioner to sign the plea not knowing that by signing the plea Petitioner was waiving all her constitutional rights....Petitioner was now aware of the consequences and do to the ineffective assistance of her counsel petitioner was deprived of her constitutional rights. It is uncommon that parties to a plea agreement approach the bargaining table with complete knowledge of the defendant's criminal history....Counsel did not disclosed to petitioenr that by signing the plea Contract she was certain to be sentenced to additional years by the Probation Officer who authroed the PSR adhesion Contract with unlawful __ __ upward enhancements.

Doc. 14, Petition, at 32-33.  Petitioner also noted that she was "deprived right to appeal." Doc. 14, Petition, at 42.

1    To establish a constitutional violation for ineffective assistance of counsel, a defendant

2 must demonstrate (1) a deficient performance by counsel and (2) prejudice to him/her. United

3 States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993). To prove deficient performance of

4 counsel, Petitioner must show that counsel "made errors that a reasonably competent attorney

5 acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758

6 F.2d 373, 376 (9th Cir. 1985). To show prejudice, Petitioner must demonstrate that "there is a

7 reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

8 would have been different." Strickland v. Washington, 466 U.S. 668, 694 (1984).

9    The court has difficulty in parsing out the substance of Petitioner's claim. The only clear

10 assertions are that counsel did not tell her that she was waiving a number of constitutional rights.

11 The plea agreement specifically stated that "Defendant understands and agrees that, by pleading

12 guilty, she is waiving each of the following rights..." including the right to trial by jury,

13 presumption of innocence, and appeal. Doc. 11, Plea Agreement, at 5:16-7:26. The agreement

14 was translated into Spanish for the Petitioner and she signed it. Even assuming arguendo that

15 counsel did not explain the content of the signed plea agreement, Petitioner was not prejudiced as

16 the court specifically explained the waivers in question with the aid of a Spanish language

17 interpreter at the hearing on October 25, 2004. In open court, Petitioner orally agreed that she

18 understood these rights and waived them, rendering any alleged failure of counsel non-

19 prejudicial. Cf. Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (the petitioner

20 "suffered no prejudice from his attorney's prediction [of a light sentence] because, prior to

21 accepting his guilty plea, the court explained that the discretion as to what the sentence would be

22 remained entirely with the court"); Rogers v. United States, 1 F.3d 697, 699 (8th Cir. 1993) (no

23 prejudice where petitioner "did not allege in his motion or in other pleadings before the district

24 court that he would not have pleaded guilty if the trial court or his attorney had correctly

25 informed him regarding parole eligibility"). "Solemn declarations in open court carry a strong

26 presumption of verity." United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987), quoting

27 United States v. Moore, 599 F.2d 310, 314 (9th Cir. 1979).

28

**4**

1    **B. Sentencing**

2         Petitioner claims "error of the sentencing court of using a preponderance standard in

3    applying enhancements in the calculation of the sentence." Doc. 14, Petition, at 5.  "As a general

4    rule, the preponderance of the evidence standard is the appropriate standard for factual findings

5    used for sentencing. However, when a sentencing factor has an extremely disproportionate effect

6    on the sentence relative to the offense of conviction, the government may have to satisfy a 'clear

7    and convincing' standard." <u>United States v. Dare</u>, 425 F.3d 634, 642 (9th Cir. 2005), citations

8    omitted.  "Petitioner feels that from beginning to end there was a comflict of inters do to the

9    ineffective assisance of counsel in which counsel never rebute the descriprances of the PSA. This

10   is a first time offender this is not a crime of violence or a crime of drugs this case was without

11   the proof of the evidence. Government never presetned any kind of proof of the enhancements

12   petitioner first argues that the evidence against her was insufficient to support her convictions on

13   the counts in the indictment." Doc. 14, Petition, at 31.  Petitioner does not provide detail as to

14   what enhancements she objects to.  Petitioner also says "Petitoner signed a plea agreement with

15   the express provision that the Government would recommend the minimum guideline sentence.

16   The Government breached this promise." Doc. 14, at 33.  The government did agree to

17   recommend the "the defendant be sentenced at the low end of the applicable sentencing guideline

18   range." Doc. 11, Plea Agreement, at 4:3-4.

19        Plaintiff plead guilty to one count of 8 U.S.C. §1326 on October 25, 2005. Doc. 12.  In

20   the memorandum of the plea agreement, she "admits that she was previously convicted of an

21   felony that is a drug trafficking offense within the meaning of U.S.S.G. §2L1.2(b)(1)(A) and that

22   a sixteen level enhancement to the offense level is appropriate based upon this prior conviction."

23   Doc. 11, Plea Agreement, at 3:4-7.  Under the sentencing guidelines used at the time (the 2003

24   version amended November 5, 2003), the base offense level was 8 for a total of 24.  The

25   presentence report did contain a typo, referring to Section 2L1.2(b)(1)(C) as opposed to Section

26   2L1.2(b)(1)(A). PIR, at 4.  However, the correct enhancement was substantively applied.  Section

27   2L1.2(b)(1) reads "If the defendant previously was deported, or unlawfully remained in the

28   United States, after- (A) a conviction for a felony that is (i) a drug trafficking offense for which

**5**

the sentence imposed exceeded 13 months...increase by 16 levels....(C) a conviction for an

aggravated felony, increase by 8 levels." U.S. Sentencing Guidelines Manual §2L1.2(b)(1)

(November 2003).  Petitioner received a three level reduction for acceptance of responsibility and

a four level reduction per the early disposition program. PIR, at 4 and 9.  With regards to

criminal history, the presentence report determined that Petitioner had eight criminal history

points based on four prior state court convictions.  Though Petitioner asserts that she is a first

time offender, she specifically admitted "On or about July 31, 1990, the defendant pled guilty to

Possession for Sale of a Controlled Substance, to wit: Cocaine, a felony in violation of California

Health and Safety Code §11351(a) in the Superior Court of California, Tulare County, and was

sentenced to two years in Prison." Doc. 11, Plea Agreement, 4:19-22.  That left Petitioner with an

offense level of 17 and a criminal history category of IV.  The guideline provisions recommend a

sentence of 37 to 46 months.  Petitioner was sentenced to 37 months. Doc. 13, Judgment.  There

was no error in the computation of the sentence per the sentencing guidelines in effect at the

time, and the government fulfilled its end of the plea agreement.

## C. **Booker**

Petitioner argues her sentence was unconstitutional in light of United States v. Booker,

543 U.S. 220 (2005).  In Booker, the U.S. Supreme Court found applying the federal sentencing

guidelines as binding requirements to violate the Sixth Amendment right to trial by jury.  All

facts other than a prior conviction which is necessary to support a sentence greater than the

statutory maximum must be either admitted by the defendant or proved to a jury beyond a

reasonable doubt.  The Ninth Circuit has found Booker to be a new procedural rule of criminal

law which only applies in cases where the judgment was not yet final before the opinion was

issued; it does not apply retroactively on collateral habeas review. United States v. Cruz, 423

F.3d 1119, 1121 (9th Cir. 2005).

The threshold question is whether Petitioner's conviction became final before Booker

was issued on January 12, 2005.  "The Supreme Court has defined a final judgment in the

retroactivity context as one where the 'availability of appeal [has been] exhausted,' and we think

it clear that a judgment cannot be considered final as long as a defendant may appeal either the conviction or sentence." United States v. Colvin, 204 F.3d 1221, 1224 (9th Cir. 2000), quoting Griffith v. Kentucky, 479 U.S. 314, 321 n.6 (1987).  Petitioner plead guilty on October 25, 2004 and she was sentenced on the same day. Doc. 12.  Judgment was entered on October 28, 2004. Doc. 13.  Petitioner did not appeal so that judgment became final the day following the last day on which notice of appeal to the Ninth Circuit could have been filed.  In a criminal case, a notice of appeal must be filed within 10 court days of the district court's entry of judgment. See Fed. R. App. Proc. 4(b)(1)(A) and Fed. R. App. Proc. 26(a).  Therefore, Petitioner had through November 12, 2004 to file the notice; the judgment became final on November 13, 2004.  The new rule announced in Booker does not apply to this habeas petition.


## IV. Order

The petition of Carmen Meraz-Guzman to vacate, set aside, or correct the sentence imposed is DENIED and the case is ordered CLOSED.


IT IS SO ORDERED.

**Dated:    July 9, 2008**                              **/s/ Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE

7